AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Information associated with the Google account associated with w.hitchings@gmail.com and wenglebot@yahoo.com that is stored at Google LLC | Case No. 3:21MJ25 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Northern__ District of __California__
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-1**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B-1**

**YOU ARE COMMANDED** to execute this warrant on or before __2/2/21__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Sharon L. Ovington__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __1/19/21 3:47 p.m.__   *[signature]*
                                              *Judge's signature*

City and state: __Dayton, OH__   **U.S. Magistrate Judge**
                                 *name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

## ATTACHMENT A-1

Information associated with the Google account associated with the email addresses **w.hitchings@gmail.com** and **wenglebot@yahoo.com** that is stored at premises controlled by Google LLC, a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

**ATTACHMENT B-1**
**Particular Things to be Seized**

I.  **Information to be disclosed by Google LLC (the "Provider")**

To the extent that the information described in Attachment A-1 is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, including any e-mails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A-1:

Email Accounts:

1. The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;
2. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);
3. The types of service utilized;
4. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;
5. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken;

Google Photo Accounts:

6. Subscriber registration information;
7. All photographs and videos currently or previously contained in the user's account or shared albums, to include deleted photographs and videos, and any associated file information;

Google Drive Accounts:

8. Subscriber registration information;
9. Any files created or previously contained in the user's account, to include deleted files, and any associated file information;
10. Any IP logs and other information associated with files from the account;

Web and App History:

11. Subscriber and registration information;

12. Any available Web and App History data;
13. Any IP logs associated with the Web and App History Data;

Google+:

14. Subscriber registration information;
15. Circle information to include name of Circle and members, contents of postings, comments, photographs, and time stamps;
16. Community information, to include name of Community and members, contents of Communities, and comments;
17. Hangout information, to include name of Hangouts and any preserved videos;
18. Any photographs and videos posted on the user's account and associated comments;
19. Any comments posted to other users' accounts.

Android Backup:

20. Any available backup data for any electronic devices.

Location Information:

21. Any information identifying the location information of the user.

The Provider is hereby ordered to disclose the above information to the government within 14 days of the issuance of this warrant. Notwithstanding 18 U.S.C. § 2252/2252A or any similar statute or code, the Provider shall disclose responsive data by sending it to the Federal Bureau of Investigation at 7747 Clyo Road, Centerville, Ohio, 45459, or making the data available to the Federal Bureau of Investigation via the Provider's electronic portal.

**II.     Information to be seized by the government**

Items evidencing violations of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and 2252A(a)(2) and (b)(1) (receipt and distribution of child pornography), 18 U.S.C. §§ 2252(a)(4)(B) and (b)(1) and 2252A(a)(5)(B) and (b)(1) (possession of child pornography), and 21 U.S.C. §844 (possession of controlled substances) involving WILLIAM HITCHINGS from January 1, 2019 to the present, including but not limited to the following:

1. Any visual depictions and records related to the possession, receipt, and distribution of child pornography.

2. Any images or videos depicting child pornography.

3. Any and all child erotica, including images and videos of children that are not sexually explicit, drawings, sketches, fantasy writings, diaries, and sexual aids.

4. Any Internet or search history indicative of searching for child pornography or content involving children.

5. Any communications with others in which child exploitation materials and offenses are discussed and/or traded.

6. Any communications with minors, and any identifying information for these minors.

7. Any information related to the use of aliases.

8. Evidence of utilization of email accounts, social media accounts, online chat programs, and peer-to-peer file sharing programs.

9. Any records related to the possession of controlled substances.

10. Any Internet or search history indicative of searching for controlled substances.

11. Any images or videos depicting controlled substances and drug paraphernalia (such as scales, packaging materials, bongs, etc.).

12. Any communications about the purchase, acquisition, sale, or transfer of controlled substances.

13. Evidence of utilization of telephone accounts, Internet Service Providers, and financial accounts, including but not limited to monthly billing statements;

14. Any information related to Internet Protocol (IP) addresses accounts accessed by the accounts.

15. Information relating to who created, used, or communicated with the account, including records about their identities and whereabouts.